Sucs. de F. Font & Cía., demandante y apelante, *v.* López Hermanos, demandados y apelados.

No. 3913.—*Visto:* Noviembre 10, 1926. *Resuelto:* Febrero 18, 1927.

Marcas de Fábricas y Nombres Comerciales *(Trade Names)*, y Competencia Injusta *(Unfair Competition)*—Usurpación *(Infringement)* y Competencia Injusta—Acciones—Personas con Derecho a Ejercitar la Acción—Persona que no Tiene la Propiedad de las Marcas de Fábrica.—Una persona que no tiene la propiedad de unas marcas de fábrica cuyo uso trata de impedir mediante *injunction,* no tiene derecho al remedio solicitado.

Sentencia de *M. Rodríguez Serra,* J., (San Juan, Segundo Distrito), declarando sin lugar la demanda de *injunction,* con costas. *Confirmada,* sin costas.

*J. Texidor* y *R. Castro Fernández,* abogados del apelante; *Monserrat & Monserrat,* abogados de la apelada.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

Esta es una petición de *injunction* establecida por la demandante para impedir a la demandada el uso de ciertas marcas de fábrica.

La sociedad mercantil F. Font & Hno. se dedicó, según se alega en la demanda, desde el año de 1891 en que fué

constituída, como uno de sus negocios principales, a la compra y venta de pastas alimenticias para sopas, "procedentes de las fábricas de Magin-Quer, de Barcelona, España," en cuyo negocio ha seguido la sociedad demandante Sucs. de F. Font & Hnos. como continuadora de las diversas sociedades relacionadas en la demanda y que se constituyeron y disolvieron después de la primitiva establecida en aquella fecha.

Desde 1900 y en relación con dicho negocio de pastas alimenticias, la mercantil F. Font & Hno. y las sociedades que le siguieron, incluso la demandante, han venido usando dos marcas de fábrica cuyas características principales y distintivas consisten en una Cruz Roja Griega o de Ginebra con fondo blanco, obteniéndose por la última en septiembre 25, 1923, el registro de tales marcas de fábrica en la oficina del Secretario Ejecutivo de Puerto Rico bajo los Nos. 1577 y 1578.

Alegó asimismo la demandante que desde hace años la sociedad demandada viene dedicándose en esta isla a negocios de confección y compraventa de pastas alimenticias para sopas, que son artículos de la misma clase y de las mismas propiedades que vende la demandante, y que desde hace algunos años la demandada viene usando en dicho negocio una marca de fábrica en que sus características esenciales y distintivas consisten en una Cruz Roja de Malta en fondo blanco, ocasionando de este modo confusión y equivocación en la mente del público y causando graves daños y perjuicios al negocio de la demandante. También se alega que la sociedad demandada maliciosamente y con el fin de defraudar los derechos adquiridos de la demandante, adoptó en relación con sus negocios de pastas la Cruz Roja Griega o de Ginebra como marca de fábrica y que en 20 de mayo de 1923 solicitaron del Secretario Ejecutivo el registro de dicha marca, lo cual le fué denegado, pero que más luego consiguieron el registro bajo el No. 1414, cambiando el sím-

bolo de la Cruz Roja Griega o de Ginebra por la Cruz Roja de Malta.

La demandada excepcionó la demanda por falta de causa de acción y declarada esta alegación sin lugar, contestó negando los hechos esenciales de la demanda y alegó, entre otras defensas, la de que la demandante no es la dueña de las marcas de fábrica que ha venido usando en conexión con su negocio de compra y venta de pastas alimenticias, por ser dichas marcas o diseños de la propiedad de otra persona que las ha usado en sus negocios y las está usando en la actualidad.

La corte decidió finalmente el caso declarando sin lugar la demanda, siendo únicamente el fundamento de la corte inferior cierta diferencia que encuentra existente entre las marcas de una y otra parte.

La demandante-apelante si bien señala en su alegato la comisión de varios errores que se refieren a la apreciación objetiva que hizo el juez inferior al comparar uno y otros diseños de fábrica, a nuestro juicio existe una cuestión fundamental que levantó la demandada en sus alegaciones, y nos referimos a su contención de que la demandante no tiene la propiedad de las marcas de fábrica que usa en los artículos que compra y vende de pastas alimenticias para sopa.

La excepción de falta de causa de acción que descansaba en ese fundamento no parece que fuera la excepción procedente. Si así resultaba de la demanda lo que tendríamos entonces era más bien una falta de capacidad legal para demandar. La prueba, sin embargo, demuestra, como cuestión de hecho, este aserto alegado en su defensa por la demandada.

Magin-Quer es el fabricante de las pastas para sopa que vende la demandante. En el expediente que se siguió ante el Secretario Ejecutivo de Puerto Rico para el registro de la marca de fábrica usada por la demandante, aparece que hubo cierta dificultad para su inscripción debido a que se

había producido un affidavit de mayo 6, 1922, del mismo fabricante, en el que refiriéndose a las mismas marcas de fábrica declaraba que era residente de la ciudad de Barcelona, España, donde tiene establecida una fábrica de pastas para sopa, y que las había adoptado para su producto, usándolas continuamente por treinta años. Esta declaración establecía inequívocamente el derecho de propiedad de Magin-Quer, fabricante de las pastas, que había adoptado para identificar y acreditar su negocio, pero más luego se creyó haberse obviado la dificultad en cuanto a dejar establecida su propiedad la demandante a los fines del registro, mediante otro affidavit otorgado por el propio Magin-Quer en abril 3, 1923, en el que hace constar que desde 1898 tenía relaciones comerciales con Sucrs. de F. Font & Hermano de la ciudad de San Juan, Puerto Rico; que desde esa fecha había exportado pastas para esta Isla, consignadas a Sucrs. de F. Font & Hermano y que éstos desde 1900 adoptaron para su uso los ·dos diseños comerciales que describe, o sea, iguales, marcas que usaba el declarante, añadiéndose solamente debajo de las etiquetas, lo siguiente: "Fabricación especial para Sucesores de F. Font & Hermano, San Juan, Puerto Rico, net weight 400 grs. Made in Spain." Este affidavit fué la base para que se registraran dichas marcas a nombre de la ·demandante.

Si esta prueba no fuese realmente dudosa para que la demandante hubiese dejado establecido su derecho de propiedad a las marcas de fábrica en discusión, toda duda quedaba disipada con la declaración de Agustín Peña Pacheco uno de los socios gestores de la sociedad demandante que, en lo pertinente, dice:

"P.—¿Ud. sabe si esta marca se usa en toda la Isla, la de Magin-Quer? R.—Por lo general en ¡San Juan. P.—¿En Ponce y Mayagüez, la venden? R.—No, señor, nosotros somos los agentes y vendemos aquí. P.—¿La casa dueña de las .pastas, mandan para allá? R.—No, señor, nosotros tenemos la agencia. P.—¿No tienen mercado nada más que en San Juan. R.—Y en .los alrededores de San-

turce. P.—¿Sabe si en otros países se importan. R.—En Puerto
Rico no, en otros países no sé. P.—¿No sabe si ellos exportan para
otros países? R.—No lo sé; pero para Puerto · Rico, únicamente
nosotros.''

La prueba en conjunto es clara en este punto; la de-
mandante, así como las sociedades que le precedieron, eran
solamente agentes generales del fabricante Magin-Quer para
la introducción y venta de sus productos de pastas en
Puerto Rico. Y siendo éste el único carácter de la deman-
dante en relación con tales productos, de fabricación extraña,
ella no tiene derecho al remedio solicitado y *la sentencia
apelada debe confirmarse, sin especial condenación de costas.*

El Juez Asociado Señor Hutchison no intervino.